## 60190. SHUMAN v. THE STATE.

BANKE, Judge.

This is an appeal from the denial of a motion to suppress evidence introduced in a probation revocation proceeding.

While the appellant was on probation for possession of marijuana, an undercover agent arrived at his front door in the company of one of his acquaintances. The appellant admitted them without discussion or introductions, and a discussion ensued about drugs. In the course of this discussion, the appellant informed the agent that he had some quaaludes for sale, and the agent responded that he would like to purchase some. The appellant escorted him back to the bedroom and sold him ten tablets for $35. The agent took the pills and left. In a reversal of traditional roles, the appellant contends that the agent had probable cause to obtain a search warrant at the time he entered the home, while the state contends that the agent did not have probable cause for a search. *Held:*

It is clear that the evidence complained of in this case was not seized during the course of a search, unlawful or otherwise. The agent simply purchased it from the appellant. While the Fourth Amendment protects reasonable expectations of privacy, and while the use of deception by a government agent to gain access to a protected area may certainly result in an unlawful invasion of that privacy, the Constitution does not protect persons who engage in criminal transactions from the risk that those with whom they choose to do business may be government agents or informants. "[W]hen, as

here, the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant." Lewis v. United States, 385 U. S. 206, 211 (87 SC 424, 17 LE2d 312) (1966). Accordingly, we find no Fourth Amendment violation in the manner in which the agent in this case obtained the ten quaalude tablets from the appellant. Cf. United States v. DeFeis, 530 F2d 14 (5th Cir. 1976).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JULY 1, 1980 — DECIDED JULY 14, 1980.

*John Hunter, Jack Friday,* for appellant.
*Andrew J. Ryan, III, District Attorney, Michael K. Gardner, Assistant District Attorney,* for appellee.